IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

**FILED**
MAR 07 2018
Clerk, U.S Courts
District Of Montana
Missoula Division

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff/Respondent,<br><br>vs.<br><br>GARY ALLAN SCHLAKE,<br><br>Defendant/Movant. | Cause No. CR 04-13-M-DWM<br>CV 18-47-M-DWM |
| UNITED STATES OF AMERICA,<br><br>Plaintiff/Respondent,<br><br>vs.<br><br>GARY ALLAN SCHLAKE,<br><br>Defendant/Movant. | Cause No. CR 06-51-M-DWM<br>CV 18-48-M-DWM |

**ORDER**

In late February 2018, Defendant Schlake filed a motion in each of these criminal cases asserting the Court "lacks federal jurisdiction." Mot. Requesting Relief (04-13 Doc. 80, 06-51 Doc. 99) at 1. Schlake purports to rely on Federal Rule of Civil Procedure 60.

In Cause No. CR 04-13-M-DWM, Schlake used the internet to entice someone he thought was a girl under the age of 16 to engage in sexual activity with

1

him. In Cause No. CR 06-51-M-DWM, Schlake used the internet to entice someone who actually was a 13-year-old girl to engage in sexual activity with him. In each case, Schlake was charged with and proven guilty of violating 18 U.S.C. § 2422(b). Judgment (04-13-M Doc. 34) at 1; Order (04-13 Doc. 58) (affirming sentence on *Ameline* remand); Judgment (06-51 Doc. 43) at 1. For both convictions, Schlake is serving a total sentence of 270 months in prison.

Schlake now claims the Court lacked jurisdiction in the criminal cases. The jurisdictional argument has already been considered and rejected. *See* Order (06-51 Doc. 74) at 6-9; Order (06-51 Doc. 76 (9th Cir. No. 10-35176)). In addition, in each criminal case, Schlake has already litigated to conclusion one § 2255 motion. This Court cannot entertain another § 2255 motion unless the Court of Appeals authorizes him to file one. *See* 28 U.S.C. §§ 2255(h), 2244(b)(3)(A); *Burton v. Stewart*, 549 U.S. 147, 149 (2007) (per curiam).

Schlake asserts his current motion falls under Rule 60 of the Federal Rules of Civil Procedure. A Rule 60 motion could be pertinent to the judgments entered on the § 2255 motion if Schlake showed a "defect in the integrity of the federal habeas proceedings." *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005). He does not. At most, he claims the errors in the criminal case were perpetuated in the § 2255 actions. That is another way of saying the criminal judgment is invalid, and that is what this Court cannot consider. A Rule 60 may not be used to disguise a claim

2

for relief against the criminal judgments. *See United States v. Washington*, 653 F.3d 1057, 1063-65 (9th Cir. 2011). Because the motion Schlake has filed is, in substance, a motion under 28 U.S.C. § 2255, he may not proceed with it in this Court.

A certificate of appealability is denied. No reasonable jurist would find Schlake's claim appropriate under Civil Rule 60 or meritorious. And a reasonable jurist would agree the case is controlled by *Burton*. *See Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Accordingly, IT IS HEREBY ORDERED:

1. Schlake's motion under Fed. R. Civ. P. 60 (04-13-M Doc. 80, 06-51-M Doc. 99) is RECHARACTERIZED as a motion under 28 U.S.C. § 2255.

2. Because Schlake is not authorized to file a second or successive motion in either criminal case, the motion is DISMISSED for lack of jurisdiction.

3. A certificate of appealability is DENIED. The Clerk of Court shall immediately process the appeal if Schlake files a Notice of Appeal.

DATED this 7 day of March, 2018

Donald W. Molloy
United States District Court

3